ISMAIL RAMSEY (CA BAR #189820)
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510)548-3600
(510)548-3601 (FAX)
izzy@ramsey-ehrlich.com
felicia@ramsey-ehrlich.com

Attorneys for defendant Secundino Martinez-Sandoval

US DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| US OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SECUNDINO MARTINEZ-SANDOVAL,<br><br>    Defendant | Case No.: CR 07-00322 DLJ<br><br>SENTENCING MEMO |

In the above-entitled case, Defendant Secundino Martinez was charged with illegally re-entering the US. He has pled guilty under a Rule 11(c)(1)(C) agreement that contemplates a 51-month sentence to run consecutive to a 9-month term of imprisonment imposed by Judge Armstrong for a supervised release violation based on the same illegal re-entry.

Secundino, who is now 51 years-old, first came to the US as a teen. He has spent most of his adult life in the US, having worked as a manual and skilled laborer. He married a US citizen and began a family, settled in Martinez, and raised two children. The vast majority of his own siblings immigrated to the US from Mexico, became citizens, and now live in the Bay Area. His mother also immigrated to the US. Secundino, himself, applied for, but was denied,

permanent legal residency. Throughout his adult life, he has struggled with alcohol and substance abuse. After his divorce in 1998, he was deported to Mexico.

His mother, however, grew ill and died in 2005. He returned to be with his family at her funeral. He then stayed to help care for his brother who was fighting cancer.

The defense asks this Court to sentence Secundino consistent with the parties' plea agreement. Doing so would adequately address the seriousness of his conduct, particularly given the reason he returned to the US and his strong family ties to the country.

## Background

Defendant Secundino Martinez-Sandoval, a 52 year-old Mexican native, has lived most of his adult life in the Bay Area. He first came to California when he was 17 years old. He worked in landscaping and later as a brick layer and carpenter in a union job. He paid taxes. In 1982, he married Kim Martinez, a US citizen. They settled in Martinez to raise a family. They had two daughters, who are both US citizens. His wife and children live in Martinez to this day.

Secundino's family also came to the States. Five of his six siblings also moved to the Martinez area, became US citizens, and raised their families here. His mother immigrated to the area, became a permanent resident, and settled in Martinez.

Secundino applied for and was granted temporary residency status in 1989. Secundino, however, has battled substance abuse for much of his adult life, suffering various related criminal convictions. In 1993, the INS denied him permanent residency status, despite his wife and children being US residents and living in Martinez. In 1995, he separated from his wife and, in 1997, their divorce was finalized. He was subsequently deported to Mexico in 1998.

In 2002, after returning to the US illegally, he was charged with a violation of 18 USC § 1326. He served 30 months in jail and was again deported.

In November 2005, Secundino's mother passed away in Antioch, California. He came back to the US to attend her funeral. Afterwards, he stayed in the country to help his brother, who was battling cancer. His brother, Silvestre Martinez, who was single and living alone in Pittsburg, California, was undergoing chemotherapy to treat bladder cancer. Secundino became his caregiver, helping him to and from the treatments and with recovery. His brother passed away this past December 2007. Attached as Exhibit 5 are death certificates for both his mother and brother.

### Current Charges and Plea Agreement

Secundino came to the attention of federal immigration authorities after he was arrested for methamphetamine possession in the spring of 2007. For coming back to the US illegally, Secundino was charged with violating 8 USC §1326.

In addition to the section 1326 charge currently before the court, the government also brought a supervised release violation against Secundino. The case, CR 02-40227 SBA, is related to the current charge. On December 11, 2007, he admitted that his unlawful return to the US violated the terms of his release. Judge Armstrong sentenced him to 18 months in custody.

Secundino pled guilty under a Rule 11(c)(1)(C) plea agreement to violating section 1326. He agreed that a 51-month sentence, to run consecutive to 9 months of any term of imprisonment imposed for his supervised release violation (the sentence to run concurrent to any remaining portion of the supervised release sentence), was a reasonable and appropriate disposition of this case.

### Sentencing Guidelines

All parties and the probation officer agree that the applicable sentencing guidelines for Secundino's violation of section 1326 establish an offense level of

17 and a criminal history of VI. The applicable sentencing range is 51-60 months.

## Argument

Under 18 USC §3553(a), the Court may consider factors beyond the sentencing guidelines range, including, among other things, the history and characteristics of the defendant. The Court also should consider the need for the sentence imposed—

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner;
- the kinds of sentences available

Secundino's instant offense does not suggest that he is a danger to the community. Secundino's criminal history, although lengthy, repeatedly involves instances of alcohol and substance abuse. It does not include violent crimes. He did not receive any state prison sentences.

Indeed, during his time in the US, Secundino has contributed to society, working jobs typical of an immigrant searching for the American dream – working in landscaping and as a skilled laborer. He has even joined a union and paid taxes. Attached as Exhibit 4 are letters and documents related to his union membership and taxes.

Additionally, virtually all of Secundino's immediate family lives in the Bay Area and are US citizens. Attached as Exhibit 6 is a list of Secundino's daughters, siblings, nieces, and nephews living in the Bay Area. Indeed, love of his family explains why he returned to the US, after having been previously deported and served a federal prison term for illegal re-entry. His mother passed, and he wanted to be at the funeral with his family. Afterwards, he stayed

in the country to care for his brother, who was fighting cancer. Unfortunately, his brother lost that battle this past December, while Secundino was in custody on this case.

Numerous family members have submitted letters of support and asked for this Court's leniency. Attached, as Exhibit 2, is a letter from his youngest daughter, who is a high-school student in Martinez. Attached as Exhibit 3 are letters from his siblings and his nieces and nephews. Attached, as Exhibit 1, is a 2003 letter from his ex-wife from his past re-entry case. These letters confirm that Secundino came back to the States to be with his family at his mother's funeral. Afterwards, he served as a caregiver for his single brother.

In light of the reason that Secundino returned to the US, virtually his entire family's residency here, including his young daughters, and his lack of a criminal history of violence, a sentence consistent with the plea agreement will adequately address the seriousness of this conduct and adequately deter him from repeating the offense.

## Conclusion

Accordingly, the defense requests that this Court sentence the defendant consistent with the plea agreement. Secundino also requests that this Court recommend that he be enrolled in residential drug treatment while in custody and that he be designated to a facility close to the Bay Area, so that his family may visit him.

Dated: February 19, 2008

Respectfully Submitted,

RAMSEY & EHRLICH LLP

ISMAIL RAMSEY